RUBEL CORPORATION and SAMUEL RUBEL, Respondents, v. SAMUEL ROSOFF, IRVING ROSOFF, RICO HOLDING CORPORATION, ROSOFF ICE CORPORATION and RICO ICE CORPORATION, Appellants, and SAMUEL H. KRONE, Defendant.— In an action to rescind a contract of sale of certain real property and an ice refrigerating plant, order denying appellants' motion to dismiss the complaint upon the ground that it failed to state a cause of action affirmed, with ten dollars costs and disbursements, with leave to the appellants to answer within ten days after the entry of the order hereon. In our opinion, the complaint alleges, in effect, that the real purpose in purchasing this real property and plant was to get rid of a competitor, and the agreement of the individual defendants not to engage in the ice business, etc., which agreement was executed pursuant to a provision therefor, contained in the contract of sale, was the main consideration for the purchase. The contract of sale and the agreements of the individual defendants were, therefore, part of the same transaction and their breach constitutes a failure of consideration. This action for rescission may, therefore, be maintained. (*Clark Contracting Co.* v. *City of New York*, 229 N. Y. 413; *Callanan* v. *K., A. C. & L. C. R. R. Co.*, 199 id. 268; *Raftery* v. *World Film Corporation*, 180 App. Div. 475.) Lazansky, P. J., Young, Carswell and Johnston, JJ., concur; Taylor, J., dissents and votes to reverse the order and to grant the motion, with the following memorandum: The action is brought for the rescission of a contract by which appellants agreed to sell to the corporate respondent certain real estate and certain machinery and equipment for the manufacture and sale of ice. In my opinion, taking the allegations of the complaint at their face, the contract was fully performed and executed upon the closing thereunder. The contract contained a provision (¶ 3), made the basis of this action, that, " as further consideration for the purchase," the defendants-appellants at the time of said closing would deliver to the said respondent " their several and individual agreements in writing " not to engage in business in competition with said respondent within the designated area for ten years from such closing. The contract itself contains no such restrictive

provision; but merely provides that such agreements shall be delivered on closing. The complaint in effect alleges in its paragraph thirteenth that such agreements were so delivered; and that stands admitted. Since there is no question that everything else required of defendants-appellants by the terms of the contract was done by them, in my opinion, the contract was fully performed and executed. That the restrictive covenants in said agreements were thereafter violated by the defendants-appellants (Complaint, ¶ sixteenth) does not alter the fact that such agreements were delivered in pursuance of the contract of sale. Such violation did not work a failure of consideration, in part or at all, of the contract of sale — which required in that phase only the execution and delivery of said agreements on closing. As stated, they were so executed and delivered. The complaint, therefore, sets forth no basis legally for the rescission prayed for and should be dismissed. The rights of the plaintiffs in the premises are not under the contract of sale, and exist only by virtue of said agreements.